## Fullerton *versus* M'Arthur.

1. An act of assembly, vesting the legal title to land, owned by certain heirs, in one of their number, as a trustee for the heirs, and giving him power to sell the same, and divide the proceeds of sale among them, at the same time requiring ample security for the faithful performance of his trust, is constitutional.

ERROR to the Court of Common Pleas of *Crawford county.*

The facts of the case sufficiently appear in the opinion of the court.

*Derickson*, for plaintiff in error.

*Church* and *Farrelly*, for defendant in error.

The opinion of the court was delivered November 8, 1855, by BLACK, J.—Thomas Billington having died, seised of the land

in dispute, it descended to his heirs, of whom Henry Billington was one. An act of the legislature was passed in 1831, vesting the title in Henry Billington, in trust, to sell the land, and divide the proceeds among the heirs of his father. Under a sale and conveyance, made agreeably to this act of assembly, the present plaintiff claims. But the court rejected his evidence, and instructed the jury to find for the defendant, on the ground, that the act was unconstitutional.

We think this ruling was erroneous. The act does not attempt to divest any beneficial interest which the heirs of Thomas Billington had in the land; but simply appoints one of their number to sell it for the benefit of all. To enforce the faithful execution of the trust, Henry Billington is required to give full and ample security, to be approved by the judges of the Court of Common Pleas of Philadelphia county. The rights of all parties in interest were as carefully guarantied by this special act, as they would have been, if the sale had been made under an order of the Orphans' Court after partition. As this mode of conveying the land would save a great deal of trouble and expense, we can easily believe that the whole family consented to, and petitioned, for the act. This presumption is strengthened by the fact, that the three sureties who signed Henry Billington's bond, were all members of the family; and it is rendered conclusive for the purposes of this case by the lapse of twenty years, without an objection from either of them. The person who now complains of it is an entire stranger. He does not claim title under or through any person, whose rights could have been affected by the law. If it had been a wrong against the heirs of Thomas Billington, it is not the defendant's business to set it right.

Judgment reversed, and *venire de novo* awarded.